# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MIKEL WILLIAMS,<br>        PLAINTIFF,<br>VS.<br><br>ERIC SHINSEKI, Secretary of Defense,<br>TAMMY FOLLENSBEE,<br>FATHER SEBASTIAN UGOCHUKWU,<br>        DEFENDANTS. | CIVIL ACTION<br>NO. 11-40030-FDS |

## MEMORANDUM AND ORDER
### March 13, 2012

**HILLMAN, M.J.**

### Nature of the Proceeding

This matter was referred to me by Order of Reference dated September 29, 2011, for a decision on Mikel Williams's ("Plaintiff" or "Williams") motion for appointment of counsel (Docket No. 13). [1]

### Nature of the Case

Williams has filed a complaint against Eric Shinseki, Secretary of Veteran Affairs, Tammy Follensbee ("Follensbee") and Father Sebastian Ugochukwu ("Ugochukwu"), alleging employment discrimination on the basis of race, age and religion. Specifically, the Plaintiff alleges that a job promised to him as a Chaplain at the Edith Nourse Rogers Memorial Hospital

---

[1] The Plaintiff did not file a formal motion. Instead he wrote a letter to the Court requesting a court-appointed attorney. The Court will treat his letter as a motion for the appointment of counsel.

in Bedford, Ma ("Hospital") went to two other individuals instead, both of whom are Catholic and African American. Williams seeks appointment of counsel to represent him in this civil action. (Docket No. 13).

## Background

At the time that he filed his Complaint, Williams filed a motion for appointment of counsel. The Court (Saylor, D.J.) denied that motion without prejudice (*see* Docket No. 5), on the grounds that the request was premature, given that the Defendants had yet to be served or respond to the Complaint. The Court stated that Williams could renew his motion for appointment of counsel after the Defendants file answers or other responsive pleadings. At the time that Williams filed his second motion for appointment of counsel, the only additional pleadings which had the Defendants were a motion to dismiss for failure to effect proper service and supporting memorandum. Thereafter, the Defendants filed a second motion to dismiss; that motions seeks dismissal of the Complaint against Follensbee for failure to effect timely service and dismissal of the claims against Follensbee and Ugochukwu on the grounds that individuals are not subject to suit for federal workplace discrimination. The Defendants have also requested that Williams be required to file a more definite statement.

## Discussion

There is no constitutional right to a free lawyer in civil cases. *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991); *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986). However, this Court has granted Williams's motion to proceed *in forma pauperis* as an indigent party (*see* Docket No. 9) and therefore, Williams may seek appointment of counsel in accordance with 28 U.S.C. § 1915(e)(1).

*The Applicable Legal Standard*

In order to qualify for appointment of counsel under Section 1915(e)(1), the party must be indigent and "exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights." *DiBuono v. Guckenheimer Enterprises, Inc.,* Civ. No. 10-40255-FDS, 2011 WL 180554, (D.Mass. Jan. 13, 2011); *Cookish*, 787 F.2d at 2. To determine whether exceptional circumstances exist, the court must look to the totality of the indigent party's situation. *DesRosiers*, 949 F.2d at 24. There are several factors that demonstrate "exceptional circumstances", such as: "the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; the complexity of the factual and legal issues involved; and the capability of the indigent litigant to present the case." *Cookish*, 787 F.2d at 3 (internal citations omitted).

These factors are not exclusive. *DesRosiers*, 949 F.2d at 24 (a court must examine the total situation and can use a variety of reasons to decide a motion for appointment of counsel). Other factors the court may use to determine whether to appoint counsel in civil proceedings are: the likelihood of success of the claim; whether information necessary to support a petitioner's claims are available in prior court filings; and the petitioner's prior experience litigating his or her own claims. *United States v. Mala*, 7 F.3d 1058, 1063 (1st Cir. 1993) (noting the "fair likelihood of success on the constitutional claim" cut towards appointing counsel for habeas petitioner); *Lucien v. Spencer*, 534 F.Supp.2d 207, 210 (D.Mass. 2008) ("When a petitioner can find the information necessary to support his claims in prior court filings, appointment of counsel is typically not appropriate."); *Carmichael v. Warden*, 346 F. Supp. 2d 207, 209 (D.Me.

2004) (noting the "veteran litigator" petitioner's previous involvement in lawsuits and his ability to file appropriate motions demonstrate an ability to represent himself).

<u>*Whether Counsel Should Be Appointed In This Case*</u>

The Court has granted Williams's motion to proceed *in forma pauperis* and therefore, the Court will assume that has satisfied the indigency requirement.[2]    In support of his request, Williams asserts: (1) he no longer has the expertise to proceed *pro se*; and (2) because he has moved to Utah, it will be impossible for him to continue to represent himself as this case proceeds in Massachusetts.

First, neither the legal issues nor the underlying supporting facts are unusually complex and in his pleadings, Williams has adequately articulated the legal and factual bases of his claim. Second, as evidenced by his responses to the Defendants' motions to dismiss, Williams has demonstrated a sufficient ability to understand legal issues as they arise and to draft coherent legal arguments. Finally, the Court must consider the merits of Williams's claim. At this very early stage of the proceedings, the Court has little information from which to assess the merits of the Williams's claim and for that reason, I cannot make a determination as to whether he is likely to succeed on the merits. Therefore, this last factor is neutral.

As was the case with Williams's first request for appointment of counsel, considering the relevant factors, at this early stage of the proceedings, I do not find that he has demonstrated the existence of exceptional circumstances sufficient to warrant the appointment of counsel. Therefore, his motion to appoint counsel is denied, without prejudice.

---

[2] I will note that since filing this case, Williams has accepted a full time position as a chaplain at a VA hospital in Utah. Given his new employment status, should Williams file any future motions for appointment of counsel, the Court will not assume that he has satisfied the indigency requirement. Instead, Williams will be required to file an affidavit establishing his financial need.

**Conclusion**

For the reasons set forth above, Williams's motion for appointment of counsel (Docket Nos. 13) is ***denied***.

        **/s/ Timothy S. Hillman**
        Timothy S. Hillman
        United States Magistrate Judge