UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MIKEL WILLIAMS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 11-40030-FDS |
| ERIC SHINSEKI, Secretary of Veterans Affairs, TAMMY FOLLENSBEE, and FATHER SEBASTIAN UGOCHUKWU, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

**SAYLOR, J.**

This is an action for employment discrimination. Plaintiff Mikel Williams, proceeding *pro se*, filed a brief letter in this Court on February 9, 2011, alleging violations of federal employment discrimination laws. The Court treated the letter as a complaint and granted his motion to proceed *in forma pauperis*. The United States Marshals Service served process on defendant Eric Shinseki, the United States Secretary of Veterans Affairs, and defendant Sebastian Ugochukwu on May 23 and June 24, respectively. Defendant Tammy Follensbee was not served within 120 days of plaintiff's filing of the complaint as required by Fed. R. Civ. P. 4(m).

On July 22, 2011, the three defendants moved to dismiss the action for failure to serve defendant Follensbee within the necessary period and for failure to effect proper service on the United States under Rule 4(i). On October 14, 2011, the Court ordered that the action would be dismissed in thirty days unless plaintiff corrected these defects in service. Plaintiff subsequently

moved for an extension of an additional 30 days (until December 14, 2011) to serve defendants, which was granted on November 4. Plaintiff properly served the United States under Rule 4(i) within that period, but defendant Follensbee was not served until January 3, 2012, twenty days after the last allowable day under this Court's order.

Defendants have now filed a renewed motion to dismiss the claims against Follensbee for failure to serve. They also move to dismiss the claims under Fed. R. Civ. P. 12(b)(6) as against both Follensbee and Ugochukwu failure to state a claim on the grounds that they are not proper defendants in a federal employment discrimination action. For the following reasons, the motion will be granted.

## I.     Background

According to the letter, Mikel Williams was promised a position as a Protestant chaplain at the Edith Nourse Rogers Memorial Hospital in Bedford, Massachusetts. Sebastian Ugochukwu, who is apparently the supervisory chaplain, ultimately did not hire Williams and instead hired two other applicants. At that time, Ugochukwu told Williams that a Protestant chaplain was not needed at the hospital because "the Catholic Priest could handle the needs of the Protestant patients." The identity and role of Tammy Follensbee is not addressed in the letter.

Williams filed a complaint with the U.S. Equal Employment Opportunity Commission in September 2009, alleging discriminatory hiring. After the agency then found that he failed to carry his burden of demonstrating discriminatory motive, Williams appealed that decision to the commission, which affirmed the agency on November 29, 2010. *See* EEOC DOC 0120103287, 2010 WL 4926465 (Nov. 24, 2010). Williams then initiated this action.

## II.     Failure to Serve Defendant Follensbee

It is undisputed that plaintiff failed to serve defendant Follensbee within the extended period for service provided by the October 2011 order of this Court, although he did do so shortly after that deadline. Because defendants' motion to dismiss will be granted as to Follensbee for failure to state a claim, it is not necessary to determine whether it would be appropriate under Fed. R. Civ. P. 4(m) to excuse plaintiff's tardy service.

## III.    Proper Party Defendants

Plaintiff alleges discriminatory hiring practices by a federal agency based on religion, race, and age. This allegation amounts to a claim of religious and racial discrimination under Title VII, 42 U.S.C. § 2000e-16, and for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a.

Title VII provides that in actions against federal employers for alleged discrimination based on race or religion, "the head of the department, agency, or unit . . . shall be the defendant." 42 U.S.C. § 2000e-16. This designation of the proper defendant for such claims is exclusive. *See Soto v. United States Postal Serv.*, 905 F.2d 537, 539 (1st Cir. 1990). Thus, a complaint that names as individual defendants persons other than the head of the relevant department or agency must be dismissed as against those individuals. *See, e.g.*, *Pierce v. Runyon*, 857 F. Supp. 129, 131 (D. Mass. 1994).

The Supreme Court has held that the ADEA is to be construed in accordance with Title VII. *Lehman v. Nakshian*, 453 U.S. 156, 168 n. 15 (1981). The courts that have addressed the issue have therefore held that the proper defendant in an action for age discrimination by a federal employer is likewise limited to the head of the relevant department or agency. *See, e.g.,*

*Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988); *Ellis v. United States Postal Serv.*, 784 F.2d 835, 838 (7th Cir. 1986); *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986); *Rossiter v. Potter*, 2005 WL 1288063 (D. Mass. May 23, 2005).

In sum, the claims against defendants Follensbee and Ugochukwu will be dismissed because those individuals are not proper defendants in this action.

**IV.    Request for More Definite Statement**

Defendant Shinseki has also moved under Fed. R. Civ. P. 12(e) for a more definite statement on the grounds that he cannot frame a responsive pleading based on the complaint as filed by the plaintiff.

Rule 12(e) provides that a "party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Here, plaintiff has filed a two-page letter alleging federal employment discrimination based on religion, race, and age. In nine unnumbered paragraphs, the letter asserts the following allegations: (1) that plaintiff was promised a position as a chaplain at the Edith Nourse Rogers Memorial Hospital in Bedford, Massachusetts; (2) that he was not hired, despite relevant qualifications; (3) that two African priests were hired by a Chief of Chaplains, apparently Ugochukwu, who is also African; (4) that defendant Ugochukwu justified the decision not to hire plaintiff on the grounds that a Catholic priest could provide adequate services for Protestant patients; and (5) that 200 veterans signed a petition to keep plaintiff as a chaplain. Among other things, plaintiff does not identify his race or age; it is also unclear whether he is a Protestant. The basis for the claim of race or age discrimination is not mentioned at all, and the claim of religious discrimination is opaque at best.

```
```

In short, the letter does not contain sufficient information to discern the basis for plaintiff's claim for relief under federal employment discrimination statutes. Plaintiff must therefore file an amended complaint that provides a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a). The Court will give plaintiff 30 days in which to do so; if such a document is not filed within that time, the matter will be dismissed.

**V.    Conclusion**

For the foregoing reasons,

1. Defendants' motion to dismiss the complaint as against defendants Follensbee and Ugochukwu is GRANTED, and

2. Defendant's motion for a more definite statement is GRANTED; within 30 days, plaintiff shall file a statement clarifying the factual basis of his complaint.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: May 3, 2012