UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIKEL WILLIAMS,<br>Plaintiff,<br><br>v.<br><br>ERIC SHINSEKI, Secretary of Veterans<br>Affairs, et al | CIVIL ACTION<br>No. 11-40030-TSH |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS
March 29, 2013

**HILLMAN, D.J.**

This is an action alleging unlawful employment discrimination on the basis of religion and age. Plaintiff Mikel Williams was employed as a staff chaplain at the Veterans Administration Medical Center in Bedford, Massachusetts ("VAMC"). He alleges that he was unlawfully terminated from his position because of his religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1) ("Title VII"), and because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("ADEA"). Defendant Eric K. Shinseki, Secretary of Veterans Affairs, has moved to dismiss for failure to state a claim. For the reasons described below, the motion will be granted.

Plaintiff Mikel Williams (Plaintiff), proceeding *pro se*, filed a brief letter in this Court on February 9, 2011, alleging violations of federal employment discrimination laws. The Court treated the letter as a complaint and granted his motion to proceed *in forma pauperis*. The United States Marshals Service served process on defendant Eric Shinseki, the United States Secretary

of Veterans Affairs, and defendant Father Sebastian Ugochukwu on May 23 and June 24, respectively. Defendant Tammy Follensbee was not served within 120 days of plaintiff's filing of the complaint as required by Fed. R. Civ. P. 4(m).

On July 22, 2011, the three defendants moved to dismiss the action for failure to serve defendant Follensbee within the necessary period and for failure to effect proper service on the United States under Rule 4(i) (Docket No. 10). On October 14, 2011, this Court (Saylor, J.) ordered that the action would be dismissed in thirty days unless plaintiff corrected these defects in service (Docket No. 16). Plaintiff subsequently moved for an extension of an additional 30 days (until December 14, 2011) to serve defendants, which was granted on November 4. Plaintiff properly served the United States under Rule 4(i) within that period. (Docket No. 16)

On February 3, 2012, Defendants filed a renewed motion to dismiss for failure to effect proper service on Follansbee and for failure to state a claim as to Follansbee and Ugochukwu (Docket 20). In the same motion, Defendants also moved for a more definite statement. On May 3, 2012, this Court (Saylor, J.) allowed the Defendant's motion to dismiss the complaint as against defendants Follensbee and Ugochukwu and allowed Defendant's motion for a more definite statement, ordering Plaintiff to file a statement clarifying the factual basis of his complaint within 30 days of the order (Docket No.24). On May 10, 2012, Plaintiff timely responded and filed a two-page letter in response. (Docket No. 25). Defendant Shinseki then filed this motion to dismiss for failure to state a claim, for which no opposition was filed. (Docket No. 26).

I.  **Factual Background**

Mikel Williams currently resides and is employed in Utah. The events giving rise to this lawsuit occurred in connection with Plaintiff's former employment at Edith Nourse Rogers

Memorial Veteran's Hospital (Bedford VAMC) in Bedford, Massachusetts. In Plaintiff's amended pleading (Docket No. 25), he makes the following allegations, which are construed liberally.

Plaintiff served as a contract Protestant Chaplain from 2002-2009 at the Bedford VMAC. During that time, Williams worked approximately 36 hours per week and was the only Protestant Chaplain. Father Sebastian Ugochuckwu, who intermittently served as Plaintiff's supervisor, verbally promised Plaintiff that he would be provided a full time position. Williams declined three other positions in reliance upon that promise. Over 200 individuals signed a petition to keep Williams as a Chaplain and Fr. Ugochuckwu stated at some point that "the names on that petition mean nothing to me."

In January 2009, Williams interviewed with Fr. Ugochuckwu for a full time position. Williams contends he was the number 1 candidate for the position. Williams further makes allegations that he is "endorsed by Chaplain John Craycroft..." At some point during his tenure at the Bedford VA Director Tammy Follensbee refused to accept a phone call from someone calling on Williams' behalf. On January 27, 2009, Plaintiff was issued a citation for unlawful possession of a firearm on VA property. *See* Records of Central Violations Bureau Violation #1112334.[1] In April 2009, Plaintiff was assessed $250 fine by this Court (Hillman, M.J.) for that citation. *Id*. In June 2009, Fr. Ugochuckwu informed Williams that his contract would not be renewed. Williams was the only Protestant Chaplain Williams was the only American Chaplain.

---

[1] "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.,* 267 F.3d 30, 33 (1st Cir. 2001). "There is, however, a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" *Id.* (quoting *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir.1993)). Consistent with the relevant standard, the Court has considered the public record which relates to Plaintiff's citation for unlawfully possessing a firearm on VA property, which occurred two months prior to his dismissal from his position at the Bedford VA.

Three Catholic Chaplains of African descent were employed at the Bedford VA. One Canadian Rabbi was employed at the Bedford VA. Fr. Ugochuckwu stated "during [Williams'] tour of duty" that Williams did nothing to improve his status as Chaplain. Williams makes a number of allegations to establish that he has improved his status as a Chaplain.

Williams filed a complaint with the U.S. Equal Employment Opportunity Commission in September 2009, alleging discriminatory hiring. After the agency then found that he failed to carry his burden of demonstrating discriminatory motive, Williams appealed that decision to the commission, which affirmed the agency on November 29, 2010. See EEOC DOC 0120103287, 2010 WL 4926465 (Nov. 24, 2010). Plaintiff then initiated this action.

## II.   Standard of Review

Whether a complaint should survive a motion to dismiss depends upon whether the pleading satisfies the "plausibility" standard. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The First Circuit has addressed the principles a district court should follow when considering a motion to dismiss in the wake of *Iqbal* and *Twombly*. *Ocasio–Hernández v. Fortuño–Burset*, 640 F.3d 1, 11-12 (1st Cir. 2011). As *Ocasio–Hernández* makes clear, dismissal of a complaint pursuant to Rule 12(b)(6) is inappropriate if the complaint satisfies the two-pronged requirement in Rule 8(a)(2) of "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

"In resolving a motion to dismiss, a court should employ a two-step approach." *Ocasio–Hernández,* 640 F.3d at 12. The court should first identify and disregard conclusory allegations. *Id.* "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." *Id.*. The remaining "[n]on-conclusory factual allegations in the complaint must be then treated as true, even if seemingly incredible" and assessed to determine

whether they, " 'allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Id* at 11. If they do, "the claim has facial plausibility." *Id.*

In the employment discrimination context, however, it is not necessary for a plaintiff to plead facts supporting each element of a claim, provided that whatever facts are pled allow the Court to plausibly infer liability. As the Supreme Court has held, "a complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination." *Twombly*, 550 U.S. at 547 (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)) *Swierkiewicz* held that a complaint in an employment discrimination lawsuit need not set out the elements of a prima facie case as spelled out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 (1973), in order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

In order to reconcile the holdings of *Swierkiewicz*, *Twombly*, and *Iqbal*, this Court must consider whether Plaintiff's complaint, which need not establish a prima facie case of employment discrimination to survive a motion to dismiss, is nonetheless, "facially plausible and must give fair notice to the defendants of the basis for the claim." *Twombly*, 550 U.S. at 547. In a recent holding, the First Circuit determined that, "elements of a prima facie case of discrimination are not irrelevant to a plausibility determination, but are part of "the background against which a plausibility determination should be made." *See Rodriguez-Reyes v. Molina-Rodriguez*, 2013 WL 1173679, at *4 (1st Cir. Mar. 22, 2013). "Although a plaintiff must plead enough facts to make entitlement to relief plausible in light of the evidentiary standard that will pertain at trial—in a discrimination case, the prima facie standard—she need not plead facts sufficient to establish a prima facie case." *Id*.

**III.    Analysis**

Defendant Shinseki has moved to dismiss all counts that allege discrimination, contending first that the alleged facts do not support a prima facie case of work place harassment under either Title VII or ADEA. Defendant further asserts that Plaintiff's discrimination claims fail because Plaintiff has not alleged sufficient facts to support a plausible inference that he was discriminated against because he was an American-born Protestant. Defendant is asserting that Plaintiff's factual assertions, even if true, do not present a plausible claim of employment discrimination or age discrimination.

In reviewing Plaintiff's employment discrimination claims, the court uses the analytical framework outlined by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–805 (1973) ( "McDonnell Douglas test"). Although under this framework, the plaintiff bears the initial burden of establishing each element of his prima facie case, *McDonnell- Douglass*, 411 U.S. at 802, the standard will be used here not to required detailed factual allegations, *Iqbal*, 556 U.S. at 677-678, but as a "prism to shed light upon the plausibility of the claim." *Rodriguez-Reyes*, 2013 WL 1173679, at *4.

*Title VII and ADEA Claims*

Title VII provides that an employer may not "discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) (2000). Because employment discrimination cases arise in a variety of contexts, the prima facie elements must be tailored to the given case. *See Swierkiewicz,* 534 U.S. at 512. In a wrongful termination case, the plaintiff must show that (1) he was within a protected class, (2) possessed the necessary qualifications and adequately performed the job, (3)

but was nevertheless dismissed and (4) his employer sought someone of roughly equivalent qualifications to perform substantially the same work. *See Byrd v. Ronayne,* 61 F.3d 1026, 1031 (1st Cir.1995). \

The ADEA makes it unlawful for an employer "to discharge any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). To make a showing of age discrimination, Plaintiff must demonstrate that: "1) he was at least 40 years old at the time he was fired; 2) he was qualified for the position he had held; 3) he was fired, and 4) the employer subsequently filled the position, demonstrating a continuing need for the plaintiff's services." *Velez v. Thermo King de P.R., Inc.,* 585 F.3d 441, 447 (1st Cir.2009). An employee who claims to have been dismissed in violation of the ADEA must carry the ultimate "burden of proving that his years were the determinative factor in his discharge, that is, that he would not have been fired but for his age." *Mesnick v. Gen. Elec. Co.,* 950 F.2d 816, 823 (1st Cir.1991) (quoting *Freeman v. Package Mach. Co.,* 865 F.2d 1331, 1335 (1st Cir.1988)).

Plaintiff has identified membership in classes, some of which are protected – he is an American born Caucasian, Protestant, who was 60 years old at the time of the events in question and for purposes of this motion, was qualified for his position. Plaintiff has also alleged an adverse action, that is, he was not hired for a position and he was dismissed from his current position at the Bedford VA. There are, however, no facts as to who took the Plaintiff's position or if the position remained vacant, nor is there any guidance as to the age or religion of a replacement employee. Furthermore, there is no fact or set of facts alleged that even suggest or infer a discriminatory reason or motive. Plaintiff bare assertions that he was an older, Protestant chaplain who dismissed from his position following a firearms citation are not sufficient to set

forth a plausible claim of religious discrimination that gives fair notice to the defendant of the basis for his claim.

Plaintiff may not rely his allegations to form a prima facie claim for age discrimination. The only reference to age was made in Plaintiff's amended pleading, when he stated that he was "over 60 years of age." There is no factual allegation made that refers to what person, if any, was hired in his place. While there are several allegations of three African American Catholic priests and a Canadian rabbi who also worked at the Bedford VA, Plaintiff reiterates that they were on staff at the time he was employed, but never alleges that one or more of those mentioned replaced him or was selected for a position for which he had applied. Even under a broad reading of the facts, Plaintiff's claim of age discrimination is not plausible and must be dismissed.

Plaintiff fails to raise a plausible inference that he was terminated on account of his religion or age, as it is unclear if he was replaced by any other person and there are no factual allegations that indicate any type of discriminatory action. Rather, the allegations raise the inference that the VA Hospital may have declined to renew Plaintiff's contract on account of a firearm possession citation. Nothing in the Complaint even hints that religion motivated or that age caused him to lose his job at the VA. Plaintiff has not identified any similarly situated individual, outside of his protected religion and age classes, who was treated any differently under similar circumstances.

## **ORDER**

For the foregoing reasons,

1. Defendant's Motion to Dismiss (Docket No. 26) will be **granted.**

                                          /s/ Timothy S. Hillman_____
                                          TIMOTHY S. HILLMAN
                                          U.S. DISTRICT JUDGE

Dated: March 29, 2013